UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID PANNELL,                          )
                                        )
               Petitioner,              )
                                        )    Case No. 3:15-CV-221 JD
        v.                              )
                                        )
SUPERINTENDENT,                         )
                                        )
               Respondent.              )

OPINION AND ORDER

David Pannell, a *pro se* prisoner housed at the Indiana State Prison, filed this habeas corpus

petition attempting to challenge his 1987 conviction and 60 year sentence by the Marion Superior

Court under cause number 49G01-9502-CF-24360. This is not the first time that Pannell has brought

a habeas corpus petition challenging that conviction. In *Pannell v. Neal*, 1:12-CV-1301 (S.D. Ind.

filed September 13, 2012), Pannell sought to challenge the same conviction he is challenging here.

DE 1 at 2. In that case, the court found the petition was untimely and further explained that even if

it had been timely, the grounds raised would not merit habeas corpus relief. Final Judgment was

entered on March 19, 2015, and his Rule 59(e) motion was denied on May 5, 2015.

In his prior habeas corpus proceeding, the court addressed the merits of his grounds for relief,

but even if it had not, this would still be a successive habeas corpus petition because a "prior

untimely petition . . . is not a curable technical or procedural deficiency but rather operates as an

irremediable defect barring consideration of the petitioner's substantive claims." *Altman v. Benik*,

337 F. 764, 766 (7th Cir. 2003). In this case, to the extent that Pannell is attempting to raise claims

that he has previously presented, they must be dismissed because "[a] claim presented in a second

or successive habeas corpus application under section 2254 that was presented in a prior application

shall be dismissed." 28 U.S.C. § 2244(b)(1). To the extent that he is attempting to raise new claims, this court lacks jurisdiction over such claims unless the court of appeals has authorized the proceeding as required by 28 U.S.C. § 2244(b)(3)(A). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

Because Pannell has not obtained authorization from the court of appeals to file a successive petition, this case is **DISMISSED** for want of jurisdiction.

SO ORDERED.

ENTERED: May 28, 2015

　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　Judge
　　　　　　　　　　United States District Court